# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRUCE LEE and LISETTE LEE,    )
    )
    Plaintiffs,    )
    ) C.A. No. N17C-12-247 FWW
    )
    v.    )
    )
KIMBERLY HOLBROOK,    )
    )
    Defendant.    )

Submitted: November 25, 2020
Decided: November 22, 2021

*Upon Plaintiff's Renewed Motion in Limine to Exclude Defendant's Expert*
*Accident Reconstruction Report and Anticipated Related Testimony*
**DENIED.**

## ORDER

Michael J. Hendee, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill P.A., 56 W. Main St., Fourth Floor, Newark, DE, 19702, Attorney for Plaintiffs Bruce Lee and Lisette Lee.

Sarah B. Cole, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., 1007 N. Orange St., Suite 600, Wilmington, DE, 19899, Attorney for Defendant Kimberly Holbrook.

**WHARTON, J.**

1. This 22nd day of November, 2021, upon consideration of Plaintiffs Bruce and Lisette Lee's ("the Lees") Renewed Motion to Exclude Defendant's Expert Accident Reconstruction Report and Anticipated Related Testimony ("Motion") and Defendant Kimberly Holbrook's ("Holbrook") Response; it appears to the Court that:

2. On December 19, 2017, the Lees brought this personal injury action against Holbrook, alleging she operated a motor vehicle in a negligent and/or careless manner, resulting in injuries to them.[1] Bruce Lee claims to have sustained injuries to his neck, back, and bilateral shoulders, while his wife Lisette Lee asserts loss of consortium.[2]

3. On September 30, 2019 the Lees first moved to exclude defense expert accident reconstruction reports and anticipated testimony.[3] On February 26, 2020, the Court conditionally denied that motion in part with respect to a speed calculation by Robert L. Miller, P.E., an accident reconstructionist.[4] But it deferred resolving the motion as to Garry R. Brock, Jr., Ph.D. ("Dr. Brock"), a biomechanical engineer, until his deposition could be taken.[5] That deposition was taken on July 22, 2020.[6]

---

[1] Pls.' Compl., at ¶ 1, D.I. 1.
[2] *Id.* at ¶¶ 4-5.
[3] Pls.' Mot. to Exclude, D.I. 53.
[4] D.I. 62.
[5] *Id.*
[6] Dep. Garry R. Brock, Jr. Ph.D., July 22, 2020, D.I. 74.

On October 2, 2020, the Lees renewed their motion seeking to exclude Dr. Brock's report and anticipated related testimony.[7] Specifically, the Lees contend Dr. Brock did not testify to a "reasonable scientific certainty" that Bruce Lee was not injured by the collision.[8] Further, they claim Dr. Brock failed to take into consideration Bruce Lee's physical conditions prior to the incident.[9] On November 25, 2020, Holbrook responded to the Lees' Motion to Exclude.[10] Holbrook argues Dr. Brock did take into account Bruce Lee's physical characteristics and any impact they had on an injury determination.[11] Also, Holbrook asserts that Dr. Brock did testify to a reasonable degree of engineering and biomedical certainty.[12]

4.      Dr. Brock's opinions are admissible because his conclusions are based upon reliable principles and methods in the field of biomechanical study and are held with a reasonable degree of biomedical certainty. The admissibility of expert testimony is governed by the D.R.E. Rule 702, which provides that a qualified expert may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

---

[7] Pls.' Renewed Mot. to Exclude, D.I. 77.
[8] *Id.* at ¶ 11.
[9] *Id.* at ¶ 12.
[10] Def's. Resp. in Opp., D.I. 78.
[11] *Id.* at ¶ 6.
[12] *Id.,* at ℙ 9.

(d) the expert has reliably applied the principles and methods to the facts of the case.[13]

5.      The touchstones of a Rule 702 analysis are relevance and reliability.[14] Trial court judges are to act as gatekeepers with broad discretion in determining whether expert testimony is reliable and relevant.[15] The burden is on the proponent to establish relevance and reliability by a preponderance of the evidence.[16] An expert's testimony is relevant if it relates to an "issue in the case" and aids a fact-finder in understanding or determining that issue.[17] An expert's testimony is reliable when the expert's methodology is assessed through four factors: testing, peer review, error rate, and acceptability to experts in the same field.[18] No one factor is dispositive and the list is not exhaustive.[19] Furthermore, an expert's opinion must be supported by facts and cannot mislead the jury.[20] In Delaware, a strong preference to admit expert testimony exists if that testimony would be useful to a trier-of-fact.[21] Moreover, the Delaware Superior Court has held that "'cross-examination,

---

[13] D.R.E. 702.
[14] *Daubert v. Merrell Dow. Pharms., Inc.*, 509 U.S. 579, 594–95 (1993); *see M.G. Bancorp., Inc. v. Le Beau*, 737 A.2d 513, 522 (Del. 1999) (holding that *Daubert* and its progeny is the "correct interpretation of Delaware Rule of Evidence 702").
[15] *Perry v. Berkley*, 996 A.2d 1262, 1267 (Del. 2010).
[16] *Bowen v. E.I. DuPont de Nemours & Co., Inc.*, 906 A.2d 787, 795 (Del. 2006).
[17] *Tumlinson v. Advanced Micro Devs., Inc.*, 81 A.3d 1264, 1269 (Del. 2013).
[18] *Bowen*, 906 A.2d at 794.
[19] *Tumlinson*, 81 A.3d at 1269 (citing *Daubert*, 509 U.S. at 593).
[20] *Minner v. Am. Mortg. & Guar. Co.,* 791 A.2d 826, 851 (Del. Super. Ct. 2000) (citing *General Electric Co.*, 522 U.S. 136, 146 (1997)); *Daubert*, 509 U.S. at 595.
[21] *Norman v. All About Women, P.A.*, 193 A.3d 726, 730 (Del. 2018).

presentation of contrary evidence, and careful instruction on the burden of proof"

are, more often, the appropriate methods for attacking scientific, technical, or other

testimony based on specialized knowledge."[22]

      6.     The Delaware Supreme Court first addressed the admissibility of expert

biomechanical testimony in *Eskin v. Carden*, as follows:

> a trial judge may admit biomechanical expert opinion that
> a particular injury did (or did not) result from the forces of
> an accident only where the judge determines that the
> testimony reliably creates a connection between the
> reaction of the human body generally to the forces
> generated by the accident and the specific individual
> allegedly injured or another determinative fact in issue."[23]

A trial judge must be satisfied that the generalized conclusions of the biomechanical

expert are applicable to the particular individual by, for example, considering what

effect an expert gave to any "pre-existing medical conditions and unique

susceptibility of a particular plaintiff to the injuries claimed[.]"[24] Shortly after *Eskin,*

in *Mason v. Rizzi,* the Court reiterated that the biomechanical expert's opinion must

be connected to the plaintiff's individual characteristics, and may not be a

generalized opinion.[25]

---

[22] *State ex rel. French v. Card Compliant, LLC*, 2018 WL 4151288, at *1 (Del. Super. Ct. Aug. 29, 2018) (citing *Daubert*, 509 U.S. at 596).
[23] *Eskin v. Carden*, 842 A.2d 1222, 1230 (Del. 2004).
[24] *Id,* at 1228.
[25] 89 A.3d 32 (Del. 2004).

7. Dr. Brock is an expert. He has scientific, technical, and other specialized knowledge in the field of biomechanical engineering based on his education, experience, and publications. He has degrees in Biomechanics, including a Ph.D. and M.S. from Cornell University.[26] Additionally, Dr. Brock has numerous years of work experience as a Biomechanical Engineer, including working for CED Technologies Inc. as a Biomechanical Engineer since 2014.[27] Moreover, Dr. Brock has had multiple articles published in biomechanical engineering journals.[28]

8. Dr. Brock's expert testimony is based on sufficient facts and data and is connected to Bruce Lee's individual characteristics. Specifically, Dr. Brock reviewed Bruce Lee's medical records and deposition testimony in order to understand Lee's physical characteristics, including his height, weight, and body type, his placement in the vehicle, and previous medical history.[29] He considered the opinions of Dr. Michael Brooks, M.D., J.D., a neuroradiologist retained by Holbrook, regarding the Lee's pre-existing degenerative spine condition, as well as the absence of prior complaints of neck and back pain in Lee's medical history.[30] He also relied upon biomechanical studies based on numerous tests from diverse populations examining the effect low speed rear end collisions have on humans,

---

[26] Def.'s Resp. in Opp., Ex. A, at 1, D.I. 78.
[27] *Id.*
[28] *Id.*
[29] *Id.,* Ex. B, at 10-11.
[30] *Id.,* at 11-13.

including ones with pre-existing conditions such as disc herniations, disc bulges, and degenerative conditions of the spine.[31] Dr. Brock testified that, based on the totality of the material he reviewed, the testing performed and the studies he referenced, he considered his opinions to be based on reliable principles and methods in the field of biomechanical study.[32] Further, his opinions were specific to Bruce Lee and not the population as a whole.[33] Based on his substantial calculations and review of Lee's individual characteristics, Dr. Brock testified that it would be "inconsistent with medical literature" that an injury would occur to Bruce Lee in this particular accident.[34] Finally, Dr. Brock testified that he held all of his opinions to a reasonable degree of engineering and biomedical certainty.[35]

9.    The Delaware Supreme Court in *Smith v. Grief* rejected an argument that a biomechanical expert opinion "can never be admitted unless the opinion is seconded by or relied upon by a physician in forming that physician's opinion about whether an accident caused physical injury to a person."[36] Nevertheless, here orthopedic surgeon Dr. Errol Ger, who was retained by Holbrook to testify as a

---

[31] *Id.,* at 28-36.
[32] *Id.*
[33] *Id.,* at 36.
[34] *Id.,* at 39.
[35] *Id.,* at 87-88.
[36] 2015 WL 128004 (Del. 2015).

medical expert, did rely on Dr. Brock's conclusions in forming his own expert opinion, thereby reinforcing the admissibility of Dr. Brock's testimony.[37]

10. Accordingly, the Court finds that based on Dr. Brock's analysis of substantial calculations, the individual characteristics of both Bruce Lee and the accident, and the application of relevant biomechanical principles, Dr. Brock's opinions are verifiable and trustworthy and held to a reasonable degree of scientific certainty. His testimony is admissible.

**THEREFORE**, Plaintiffs Bruce and Lisette Lee's Renewed Motion to Exclude Defendant's Expert Accident Reconstruction Report and Anticipated Related Testimony is **DENIED**.


**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[37] Def.'s Resp. in Opp., at ¶ 4, D.I. 78.